IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENDRICK TAJUAN BROWN, | § | |
| (TDCJ No. 1294086) | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-348-Y |
| | § | |
| | § | |
| BRAD LIVINGSTON, | § | |
| Executive Director, | § | |
| Texas Department of | § | |
| Criminal Justice, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Kendrick TaJuan Brown's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Brown, an inmate at the Mineral Wells Pre Parole Transfer facility, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and names as defendants Brad Livingston, executive director, Texas Department of Criminal Justice ("TDCJ"); Nathaniel Quarterman, director, TDCJ; and Rissi Owens, member, Texas Board of Pardons and Paroles. (Compl. Style; § IV(B).) Brown provides copies of two documents issued by the Texas Board of Pardons and Paroles, dated May 3, 2007, and April 10, 2008, in which he was denied release to mandatory supervision. (Compl. § V; appendices A and B.) In each instance, the reasons listed for denying Brown release are exactly the same. (Compl. § V; appendices A and B.) Brown contends this amounts to a violation of his constitutional rights not to be subjected to double jeopardy and not be subjected to an ex-post-facto law. (Compl. §§ IV(B),V.) He asks this Court to order his immediate release. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Brown's claims must be dismissed.

Brown's claims are not cognizable in a suit under 42 U.S.C. § 1983. Brown is seeking from this Court injunctive-type relief from the determination of Texas officials to deny him release to

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

mandatory supervision. In *Heck v. Humphrey,*[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck.*[8]

With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court recently clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody"[9]--the prisoner must pursue such claim through habeas corpus or similar remedies. In this instance, Brown seeks to have the grounds for denial of mandatory

---

[6] 512 U.S. 477, 486-87 (1994).

[7] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8] *See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[9] *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

3

supervision deleted and to be granted immediate release from confinement. Thus, the *Heck* rule bars his claims for injunctive relief. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[10] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[12]

SIGNED October 28, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] *See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[11] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

4